UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                            :
TRUSTEES OF THE NEW YORK CITY             :
DISTRICT COUNCIL OF CARPENTERS      :
PENSION FUND, WELFARE FUND,           :
ANNUITY FUND, AND APPRENTICESHIP,  :     21 Civ. 00504 (LGS)
JOURNEYMAN RETRAINING,                 :
EDUCATIONAL AND INDUSTRY FUND,     :     **OPINION AND ORDER**
TRUSTEES OF THE NEW YORK CITY             :
CARPENTERS RELIEF AND CHARITY FUND, :
THE CARPENTER CONTRACTOR ALLIANCE :
OF METROPOLITAN NEW YORK, AND THE  :
NEW YORK CITY DISTRICT COUNCIL OF   :
CARPENTERS,                                    :
                                    Petitioners,   :
                                                  :
                      -against-                          :
                                                  :
VINCENT MANZO D/B/A ROYAL                :
CONSTRUCTION INDUSTRIAL,                 :
                                       Respondent.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

         Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; and the Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds"), and the New York City District Council of Carpenters (the "Union") seek confirmation of an arbitration award issued September 11, 2020 (the "Award"), pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA") and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and request attorneys' fees and costs incurred in connection with this action. Respondent Vincent Manzo d/b/a Royal Construction Industrial did not appear in this action and

did not oppose the Petition to Confirm Arbitration Award (the "Petition").  For the following reasons, the Petition is granted and the request for attorneys' fees and costs is granted in part.

I.     BACKGROUND

The following undisputed facts are derived from the Petition, the memorandum of law in support of the Petition and its supporting exhibits, including the Award.

The Award arises out of four agreements -- (1) a November 16, 2004, agreement between Respondent and the United Brotherhood of Carpenters and Joiners of America (the "International Agreement"); (2) a July 1, 2011, to June 30, 2015, collective bargaining agreement ("CBA") to which Respondent is a party; (3) the CBA's successor agreement covering the period July 1, 2017, to June 30, 2024 (the "Successor CBA," and collectively with the CBA, the "CBAs") and (4) a January 2016 Revised Statement of Policy For Collection of Employer Contributions (the "Collection Policy") to which the CBAs bind Respondent.

The International Agreement provides:

> Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the *applicable collective bargaining agreement* for that locality, provided that the designated fund is signatory to a UBCJA National Reciprocal Agreement.

(Emphasis added.)  The CBAs are "the applicable collective bargaining agreement[s]" governing Fund contributions per the International Agreement.  The CBAs require Respondent to make contributions to the Funds for all work performed within the Union's trade and geographical jurisdiction.  Article XV §1 of the CBAs also requires Respondent to furnish its pertinent books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with fund contribution requirements.  Section IV(1) of the Collection Policy -- which governs the Funds' collection procedures -- similarly provides for periodic review and/or

audit of employers' books and records to ensure compliance with fund contribution requirements. Pursuant to Article XV of the CBAs and § IV (1) of the Collection Policy, Petitioners requested an audit of Respondent from December 16, 2014, through the present to determine whether Respondent had remitted all required contributions to the Funds. Respondent failed to provide its books and records.

Both the International Agreement and CBAs require arbitration of disputes. The International Agreement states:

> [A]ny dispute relating to this Agreement may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures.

The CBAs are the "Master Labor Agreement[s]" called for by the International Agreement, and they state:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder.

Petitioners initiated arbitration proceedings. The designated arbitrator, Roger E. Maher (the "Arbitrator"), sent a Notice of Hearing to Respondent by regular and certified mail and held a hearing. On September 11, 2020, the Arbitrator issued the Award finding that Respondent had violated the CBAs by failing to permit Respondents' inspection of its pertinent books and records and directing Respondent to (1) produce "any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period" and (2) pay the Funds the sum of $2,900, consisting of $1,500 for attorneys' fees, $1,000 for the Arbitrator's fee and $400 for court costs. For the purpose of this opinion, the audit period is the same as that defined

in the Award -- December 16, 2014, through September 11, 2020, the date the Award was issued.  Respondent has failed to produce its books and records or pay any portion of the Award.

**II.    STANDARD**

Under the FAA a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Section 301 of the LMRA specifically "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).  Generally, a district court should treat an unanswered petition to confirm or vacate an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021) ("*Piccini MNM*").

Although a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016); *accord Tried N True Interiors LLC*, 2020 WL 1809323, at *2.  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted).  "[A]s long as the arbitrator is even arguably construing or applying the contract

and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constrs., L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015) (alteration in original).  The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537.

### III.   DISCUSSION

#### A.   Confirmation of the Award

The Petition is granted because a ground for the Arbitrator's Award can be inferred from the facts of this case.  The CBAs require Respondent to contribute to the Funds and make its books and records available for audit.  Respondent failed to make its books and records available.  The CBAs, by incorporation of the Collection Policy, also provide for the recovery of fees and costs incurred in connection with legal proceedings to require production of books and records.  The Collection Policy states:

> In the event the Funds institute [legal action to enforce the Trustees' right to conduct a payroll review and/or audit], the employer shall be assessed all costs and attorneys' fees incurred as a result of the employer's refusal to permit the payroll review and/or audit or refusal to make available all pertinent records.

Collection Policy, § IV(13).  Accordingly, the Arbitrator was within his authority to require Respondent to produce books and records and pay attorneys' fees, the Arbitrator's fee and court costs.  *Nat'l Football League*, 820 F.3d at 537 ("If the arbitrator acts within the scope of [its] authority, the remedy for a dissatisfied party is not judicial intervention.") (internal quotation marks omitted).

B.     **Additional Attorneys' Fees**

Petitioners seek an additional $3,186.50 in attorneys' fees and $75 in costs incurred in connection with this action to enforce the Award.  This application is granted in part.  In the context of a petition to confirm an arbitration award, attorneys' fees may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification."  *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks omitted); *accord Piccini MNM*, 2021 WL 1791591, at *3.  Here, Respondent has failed to comply with the Award and failed to appear, both without justification.

Petitioners' request for attorneys' fees is granted in part.  Petitioners are awarded fees at the rate of $275 per hour for Ms. Nicole Marimon, $225 per hour for Ms. Marlie Blaise and $120 per hour for legal assistants, rather than the requested $350, $275 and $120 per hour respectively.  In determining an award for attorneys' fees, courts in this district "multiply[] the attorney's usual hourly rate by the number of hours billed, to produce a figure known as the lodestar."  *Lilly v. City of N.Y*, 934 F.3d 222, 227 (2d Cir. 2019); *accord Piccini MNM*, 2021 WL 1791591, at * 4.

District courts have discretion in setting the hourly rate.  *Lilly*, 934 F.3d at 232.  The analysis as to reasonable rates is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *accord Piccini MNM*, 2021 WL 1791591, at *4.  In *Piccini MNM* -- a very similar petition to confirm an arbitration involving the same Petitioners but relating to both a failure to comply with the books and records requirement of the CBAs and a collection of delinquent contributions to the Funds -- rates of $275 and $225 per hour were approved, respectively, for a 2014 law school graduate and partner, and a 2016 law school graduate and

associate, at Virginia & Ambinder LLP ("Virginia & Ambinder"). *See Piccini MNM*, 2021 WL 1791591, at *4 (explaining that "[o[ther courts in this district have concluded that $225 an hour is an appropriate rate for associates of similar experience in ERISA matters.").

In this case, Ms. Marlie Blaise is a 2017 law school graduate and associate at Virginia & Ambinder. An hourly rate of $225 per hour is approved for her. Ms. Nicole Marimon is a 2014 law school graduate and partner at Virginia & Ambinder (who happened also to be the 2014 law graduate in the *Piccini* case). An hourly rate of $275 per hour is approved for her. A rate of $120 per hour is approved for the two legal assistants. The number of hours worked is also approved. The following table summarizes the fees approved, based on the number of hours worked at the approved rates.

| Name | Time Worked (Hours) | Rate (Dollars/Hour) | Total Fees (Dollars) |
| --- | --- | --- | --- |
| Nicole Marimon | 1.2 | 275 | $330.00 |
| Marlie Blaise | 9.1 | 225 | $2,047.50 |
| Legal Assistants | 2.2 | 120 | $264 |
| **Total Fees Owed to Plaintiff** | | | **$2,641.50** |

Accordingly, Plaintiff's application for fees and expenses is granted in the amount of $2,641.50 for attorneys' fees and $75 for the cost of filing the Petition.

**C.     Interest**

Petitioners' request for post-judgment interest is granted. "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d

Cir. 1996)). Section 1961 applies to actions to confirm arbitration awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case); *accord Trs. For the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. JTL Constr. Corp.*, No. 18 Civ. 9025, 2020 WL 5370911, at * 3 (S.D.N.Y. Sept. 4, 2020). Petitioners are awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made.

## IV. CONCLUSION

For the foregoing reasons, the Petition is granted. By August 19, 2021, Respondent shall produce any and all books and records -- specifically the cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period December 16, 2014, to the September 11, 2020, the date of the Award. Respondent shall pay the Funds $2,900 as set forth in the Award, plus $2,641.50 in attorneys' fees, $75 in costs, and post-judgment interest calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

Dated: July 20, 2021
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

8